**Vito CAMPANELLI, Plaintiff,**

**and**

**Lorraine Rosenblatt; Garfield Ecung; Debra Ecung; Roy Rosenblatt, Plaintiffs—Appellants,**

**v.**

**ALLSTATE LIFE INSURANCE COMPANY, an Illinois Corporation, Defendant—Appellee.**

No. 02–56488.

D.C. No. CV–98–07185–RJK.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2004.*

Decided March 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Stephen M. Harber, Esq., Lynberg & Watkins, Los Angeles, CA, Mark Brifman, Esq., Mark C. Bailey, Esq., Brifman & Bailey, Missions Hills, CA, Norman J. Watkins, Esq., Lynberg and Watkins, Orange, CA, for Plaintiff.

Ruth Segal, Esq., Lynberg & Watkins, Los Angeles, CA, for Plaintiffs–Appellants.

John T. Brooks, Luce, Forward, Hamilton and Scripps, LLP, San Diego, CA, for Defendant–Appellee.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

The district court erred in concluding that there were no genuine issues of material fact presented below. Fed.R.Civ.P. 56(c). The declarations of Jeffrey Sjobring and Charles Randle raise triable issues of fact as to the amount of damage to plaintiffs' homes and the corresponding costs of repairing those damages. Viewed in the light most favorable to plaintiffs Rosenblatt and Ecung, the Sjobring and Randle declarations show that plaintiffs' homes suffered damage for which they were undercompensated. The reasons given by the district court for disregarding the declarations go to their weight, not their admissibility. For example, the district court rejected Sjobring's repair estimate because it was calculated using a 2002 cost-estimating guide. However, it is plaintiffs' theory of the case that the damage sustained in 1994 was fraudulently concealed and not discovered until many years later. Whatever uncertainty was caused by plaintiffs' delay in obtaining a damages estimate must redound to the detriment of defendants for having caused the concealment. Taking the plaintiffs' allegations in the light most favorable to them, it remains to be seen whether it was unreasonable to estimate the cost of repairing the concealed damage using 2002 numbers. The orders of the district court granting Allstate summary judgment are REVERSED and this case is REMANDED.

O'SCANNLAIN, J., dissenting.

OSCANNLAIN, Judge.

"In order to establish intentional fraud under California law, appellants must

---

** This *disposition* is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prove (1) a false representation or concealment of fact; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) damages."[1] *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir.2000). Concealment, then, goes only to the first element of the claim,[2] *id.*, and is not relevant to the distinct and required element of damage. This is because damage may only be established at the time payment was due. *See* Cal. Ins.Code § 2051 (stating that the "measure of indemnity" in this context is "the expense to the insured of replacing the thing lost or injured in its condition *at the time of the injury, such expense being computed at the time of the commencement of the [accident].*" (emphasis added)). In other words, whether or not an underpayment was fraudulently concealed, the fact of the underpayment must still be demonstrated.

In this case, even if the engineering reports were fraudulent, and even if Allstate concealed this fact, the appellants would still have to prove damage, i.e., that their 1994 settlement was not an accurate estimate of home repair at that time. An estimate of the cost fully to repair their homes in 2002 is simply not relevant to this required element, as such a sum offers no insight into whether the 1994 estimate was sufficient at that time. Nothing prevented the plaintiffs from presenting admissible evidence, through their experts, estimating what it should have cost to repair their homes in 1994. Unfortunately, however–and at no fault of the defendant–they simply failed to do so, instead opting to submit repair costs as of 2002, which presumably included several years of inflation, wear and tear, and additional structural damage that was exacerbated because the plaintiffs failed to use their 1994 claim checks actually to repair their homes. Because this evidence was properly excluded for purposes of establishing 1994 damage, and because it was the only evidence offered to prove a required element of appellants' prima facie case, I believe the district court properly granted summary judgment. *See River City Markets, Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th Cir.1992) ("To survive a motion for summary judgment, plaintiffs must produce sufficient evidence to establish the existence of every essential element of their case on which they will bear the burden of proof at trial.").

I therefore respectfully dissent.

---

1. The appellants' additional claims all require the same proof of damage as a required element.

2. Additionally, evidence of concealment may toll the statute of limitations. *See, e.g., El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038–40 (9th Cir.2003).